**UNITED STATES Of America, Plaintiff–Appellee,**

v.

**JIAN LI, Defendant–Appellant.**

**No. 11–30138.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2012.*

Filed Dec. 3, 2012.

Norman McIntosh Barbosa, Assistant U.S., Helen J. Brunner, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Timothy R. Lohraff, Seattle, WA, for Defendant–Appellant.

Before: W. FLETCHER and FISHER, Circuit Judges, and QUIST, Senior District Judge.**

MEMORANDUM ***

Jian Li appeals his conviction for making a false statement or representation to the United States government in violation of 18 U.S.C. § 1001. We reject his arguments and affirm. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review a district court's interpretation of a statute de novo. *United States v. Cabaccang,* 332 F.3d 622, 624–25 (9th Cir. 2003) (en banc). Whether a person is in custody and thus is entitled to *Miranda* warnings is a "mixed question of law and fact warranting de novo review." *United States v. Bassignani,* 575 F.3d 879, 883 (9th Cir.2009) (quoting *United States v. Kim,* 292 F.3d 969, 973 (9th Cir.2002)); *see also Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). "The admission of statements made in violation of a person's *Miranda* rights is reviewed for harmless error." *United States v. Williams,* 435 F.3d 1148, 1151 (9th Cir. 2006) (quoting *United States v. Butler,* 249 F.3d 1094, 1098 (9th Cir.2001)).

A statement or representation is material for purposes of 18 U.S.C. § 1001(a)(2) if it is "calculated to induce action or reliance" by another or "has a natural tendency to influence" another's decisions. *United States v. De Rosa,* 783 F.2d 1401, 1408 (9th Cir.1986). A false statement need not actually influence a government agency nor need the agency actually rely on a false statement for it to be material. *United States v. Boone,* 951 F.2d 1526, 1545 (9th Cir.1991); *United States v. Vaughn,* 797 F.2d 1485, 1490 (9th Cir. 1986). Li's false statements to Officer Harms and presentation of a passport obtained by fraudulent means are material for purposes of § 1001(a)(2).

The evidence presented to the district court was sufficient for it to conclude that Li obtained the passport by fraudulent means in violation of 18 U.S.C. § 1542, and Li does not appeal that conviction. Li presented the passport to gain admission to the United States under the guise of a person with a different name and date of birth. This is sufficient to constitute a false representation to the United States

government for purposes of 18 U.S.C. § 1001(a)(2).

Finally, because Li's presentation of a fraudulently obtained passport also constitutes a materially false representation, even if Li's statements to Officer Harms were admitted in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the admission would be harmless error.

**AFFIRMED.**